IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES EUGENE KNIGHT,** | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | **2:08-cr-00383-LSC-JEO** |
| | ) | **2:10-cv-08046-LSC-JEO** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The cases referenced above are before the court on the motions of defendant Charles Eugene Knight, to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 (doc. 1) and for rendition and entry of judgment (doc. 12).[1]  Upon careful consideration, the court finds no need for an evidentiary hearing and that the motions are due to be denied.

## I. PROCEDURAL HISTORY

On September 30, 2008, the Grand Jury for the Northern District of Alabama issued a three-count indictment against Knight.  (08-383, doc. 1).  Count One charged Knight with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Count Two charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and Count Three charged him with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (*Id.*)  This court determined that

---

[1]References to "Doc. ___" are to the document numbers assigned by the Clerk of the Court.  References to "08-383, Doc. ___" are to the document numbers assigned by the Clerk of the Court in the defendant's original criminal case (*United States v. Charles Eugene Knight*, 2:08-cr-00383-LSC-JEO).

Knight could not afford to retain an attorney and, therefore, appointed attorney William Myers to represent him. (08-383, Doc. 7). Mr. Myers later moved to withdraw from the case, which this court allowed. (08-383, Doc. 9). The court then appointed attorney Charles Scott Linton to represent Knight. (08-383, Doc. 10).

In the pretrial phase, Mr. Linton filed a motion to dismiss the indictment for unnecessary delay pursuant to 18 U.S.C. § 3161 (Speedy Trial Act), a motion to dismiss for unnecessary delay pursuant to Rule 48(b), FED. R. CRIM. P., and a motion to suppress evidence. (08-383, Docs. 14-17). This court held a hearing on the motions and orally denied each. (08-383, Docket Entry 12/11/2008). The Government also filed an Information, charging that, for purposes of an enhanced penalty under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 851, Knight had a prior conviction for a felony drug offense in the Circuit Court of Jefferson County. (08-383, Doc. 20).

Ultimately, Knight and the Government were unable to reach a plea agreement, and the case proceeded to trial on December 16, 2008. (08-383, Docket entry 12/16/2008). On December 17, 2008, the jury found Knight guilty of all three counts. (08-383, Docs. 35-37). The United States Probation Office then prepared a Presentence Investigation Report ("PSR") to which Knight filed no objections. (08-383, Doc. 40).

On February 5, 2009, this court held a sentencing hearing. (08-383, Docket Entry 2/6/2009). The court first acknowledged that the Government had filed the Information and asked Knight whether he affirmed or denied the conviction. (Doc. 52 at 4:3-9). Knight responded, "I affirm." (*Id*. at 5:15). Knight also acknowledged that he understood that he could not later collaterally attack that conviction. (*Id*. at 6:3). The court then noted that Knight had no objections to the PSR and made the following findings: Knight had three qualifying felonies which were separate and distinct under 18 U.S.C. § 924(e)(1); the guideline offense level was 33;

Knight's criminal history category was VI; and the advisory guideline range was 235 months to 293 months, plus 60 months consecutive as to Count Two.  (*Id*. at 7:1:16).  Mr. Linton and Knight then each requested that the court sentence Knight at the low end of the guideline range.  (*Id*. at 8:13-16, 11:14).  The court declined these requests and concluded the sentencing hearing by sentencing Knight to a term of 293 months as to Counts One and Three, separately, with each count to run concurrently with the other, plus 60 months as to Count Two, with the sentence in Count Two to run consecutively with the sentence imposed on Counts One and Three for a total term of 353 months imprisonment and 8 years of supervised release.  (Doc. 52 at 16).  Additionally, the court ordered that the sentence run consecutively with any other sentences from state court.  (*Id*. at 17).

      Mr. Linton timely filed a Motion to Alter Judgment and a Notice of Appeal on Knight's behalf.  (08-383, Docs. 43 & 44).  This court denied the Motion to Alter Judgment on February 9, 2009, and the Eleventh Circuit affirmed the convictions and sentence in an unpublished opinion on January 14, 2010.  (08-383, Docket Entry 2/10/2009 & Doc. 54).  On February 12, 2010, that court issued its mandate, and Knight did not petition the United States Supreme Court for a writ of *certiorari*.  (08-383, Doc. 54).

      On October 22, 2010, Knight filed the instant *pro se* § 2255 motion and supporting brief.  (Doc. 1; 08-383, Doc. 55).  The Government responded with a memorandum supported by an affidavit from Mr. Linton and the appellate brief Mr. Linton prepared on direct appeal.  (Docs. 5, 5-1 & 5-2).  Knight replied to the Government's response (doc. 7), and later filed a Motion for Rendition and Entry of Judgment (doc. 12).

## II. OFFENSE CONDUCT

The evidence derived from the trial demonstrated the following facts. On March 16, 2007, officers from the Birmingham Police Department executed a search warrant at Knight's apartment. (Doc. 53 at 15-16, 22). Upon entering the apartment, officers found Knight in bed and crack cocaine, assorted ammunition, and mail addressed to Knight in a dresser beside the bed. (*Id*. at 22:3-6). The officers also found "crack baggies" and assorted ammunition in a duffle bag at the foot of the bed. (*Id*. at 22:7-9) Additionally, a loaded Cobray .45 caliber single-shot pistol, along with crack cocaine were in a jacket laying on the bedroom floor. (*Id*. at 22:9-12) A total of 7.29 grams of crack cocaine was found in the apartment, along with loose ammunition and marijuana. (*Id*. at 108). Knight was the only individual in the apartment at the time of the search. (*Id*. at 21:12-13).

For the purposes of trial, the parties stipulated that the Cobary .45 caliber pistol traveled in and affected interstate commerce. (Doc. 53 at 138:20-24). The parties also stipulated that Knight had previously been convicted of a felony offense, punishable by imprisonment for a term in excess of one year, before March 16, 2007. (*Id*. at 139:1-3).

## III. ANALYSIS

Section 2255 provides that a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. If a court finds a claim under § 2255 to be valid, then the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate." *Id*. To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255. The Eleventh Circuit Court of Appeals has explained that "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Here, Knight asserts the following grounds for relief:

1. **Insufficient Evidence** - That the Government submitted insufficient evidence to sustain guilty verdicts for the following reasons:

   a. the Government failed to establish that "the cocaine base, allegedly found in [Knight's] possession, was in fact 'smokeable,'" (doc. 1 at 10);

   b. the Government failed to establish that the firearm found at Knight's apartment was used in furtherance of a drug-trafficking crime (*id*.); and

   c. the Government failed to established that Knight's prior state-court convictions for possession of a controlled substance and second-degree assault were final judgments and/or "serious drug offenses" (*id*. at 11-12).

2. **Excessive Sentence** - That the sentencing court misapplied the sentencing guidelines for the following reasons:

   a. the cocaine base should have been treated as cocaine hydrochloride

5

    (powder) because the jury did not determine that the cocaine base was "in fact 'smokeable,'" (doc. 1 at 12);

  b. "imposition of sentence, on a fact 'not' found by the jury, violate[d] [Knight's] right to trial by jury as guaranteed by the Sixth Amendment of the Constitution" (*id*. at 13);

  c. under *Apprendi*, Knight's base offense level should not have been greater than 12 (*id*.);

  d. the enhancement as an Armed Career Criminal should not have applied to Counts Two and Three because the prior convictions were invalid (*id*. at 16); and

  e. Knight's "'criminal history category' has been erroneously calculated resulting in a Category-VI prejudicial to the defendant in violation of Due Process" (*id*.)

3. **Ineffective Assistance of Counsel Claim -** That Mr. Linton rendered ineffective assistance by:

  a. failing to file a post-trial motion for acquittal (doc. 1 at 16);

  b. failing to file "motion(s) for proper sentencing in accordance with the applicable sentencing guidelines that would have resulted in [Knight's] Base Offense Level being <u>12</u>." (*id*. at 17);

  c. failing to object to invalid prior convictions that affected advisory guideline range for Counts Two and Three (*id*.);

  d. failing to adequately prepare for the "sentencing phase of the trial" (*id*.); and

  e. failing to file a meritorious appellate brief (*id*.)

4. **Constitutionally Defective Jury Instructions** - That the jury instructions:

  a. improperly established that the substance in Knight's possession was in fact crack cocaine (doc. 1 at 18);

  b. improperly charged "possessing or using a firearm in furtherance of drug trafficking crime, when such charge was not supported by the evidence [and] affected [Knight's] substantial rights" (*id*.)

**A.** **Count Three - Ineffective Assistance Claims**

The court first addresses Knight's independent claim of ineffective assistance of counsel. Knight contends that Mr. Linton rendered ineffective assistance by failing to: (1) file a post-trial motion for acquittal; (2) file "motions for proper sentencing in accordance with the applicable sentencing guidelines that would have resulted in [his] Base Offense Level being 12"; (3) object to invalid prior convictions that affected the advisory guideline range for Counts Two and Three; (4) adequately prepare for the "sentencing phase of the trial"; and (5) file a meritorious appellate brief. (Doc. 1 at 16-17).

**1.    *The Standard of Review***

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance—that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice—but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). The burden of proving ineffective assistance remains with the movant at all times. *See Chandler*, 218 F.3d at 1315 n.15. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. *See Strickland*, 466 U.S. at 697; *Waters v. Thomas*, 46 F.3d 1506, 1510 (11th Cir. 1995).

The performance prong of *Strickland* "requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004). The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. Because a wide range of performance is constitutionally acceptable, "the cases in which

habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Courts "are not interested in grading lawyers' performances" but, "are interested in whether the adversarial process at trial ... worked adequately." *Id*. at 386. To be unreasonable, the performance must be such that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers*, 13 F.3d at 386.

The prejudice prong of *Strickland* "requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher*, 368 F.3d at 1293. In the guilty-plea context, a petitioner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Similarly, in the sentencing context, a petitioner must establish a reasonable probability that, but for counsel's deficient performance, the result of the sentencing proceeding would have been different. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001).

With the above law as a backdrop, the court finds that Knight has failed to establish his claims of ineffective assistance of counsel because he has failed to establish a deficient performance by Mr. Linton or that he was prejudiced by these alleged deficiencies of performance.

  2.  ***The Claims***

    a.  ***Failure to file post-trial motion for acquittal***

Knight contends that Mr. Linton render ineffective assistance because he did not file a "post-trial motion for acquittal due to the failure of Government to present evidence to support jury verdicts." (Doc. 1 at 17). The Government responds that Mr. Linton in fact made two separate motions for judgments of acquittal—one after the government rested and a second after the defense rested. (Doc. 5 at 9). Thus, the Government appears to contend that Mr. Linton's failure to file a post-trial motion for acquittal was immaterial in view of the prior motions.

Under the facts and circumstances of this case, the court finds that Mr. Linton did not render constitutionally deficient performance by failing to file a post-trial motion for acquittal. During the trial, the Government submitted sufficient evidence to support all three of the convictions, and, therefore, Knight cannot show that Mr. Linton should have filed the motion or that he was prejudiced by Mr. Linton's failure to file the motion. Simply, the post-trial motion for acquittal, even if made, would have failed. Accordingly, Knight cannot meet either the deficient performance or the prejudice prong of the *Strickland* test for this claim.

> **b.     Failure to file "motion(s) for proper sentencing in accordance with the applicable sentencing guidelines that would have resulted in [Knight's] Base Offense Level being 12"**

Knight also contends that Mr. Linton rendered ineffective assistance by failing to file motions to lower the base offense level to 12. (Doc. 1 at 17). Knight contends that if Mr. Linton had filed "motion(s) for proper sentencing" his base offense level would have been 12 rather than 33. (*Id*.) With a base offense level of 12, Knight argues that his sentencing range would have been 21 to 27 months, rather than 235 to 253 months, plus 60 months for Count Two. (*Id*.) However, Knight provides no basis for his base offense level to be 12 rather than 33. The court can assume that Knight believes his base offense level should have been lower if the cocaine he possessed was powder cocaine rather than cocaine base (crack). However, the trial transcript

9

shows that the Government's forensic chemist testified that 7.29 grams of crack cocaine base was recovered from his apartment. Additionally, the sentence was based on Knight's conviction for possession with intent to distribute more than five grams of cocaine base (crack cocaine). Thus, any motion challenging the base offense level would have been denied as without merit. Because Knight cannot meet either the deficient performance or the prejudice prong of the *Strickland* test for this claim, it is due to be denied.

      ***c.***    ***Failure to challenge the "invalid prior convictions" and adequately prepare for the sentencing phase of trial***

Knight also contends that Mr. Linton rendered ineffective assistance by failing to object to "the invalid prior conviction(s) alleged in Counts Two and Three of the indictment" and to generally prepare for the sentencing phase. (Doc. 1 at 17). Knight summarily contends that if Mr. Linton had objected to these "invalid prior conviction(s)" his sentence would not have exceeded 27 months imprisonment and that such a significantly less sentence evidences prejudice. (*Id.*) The Government responds that this argument lacks any merit because Knight had the opportunity to review inclusion of these prior convictions in his PSR and that, at the sentencing hearing, Knight expressly affirmed one of the three convictions (listed in the Information) and did not object to inclusion of the other convictions. (Doc. 52 at 6:4-6, 12-15). Additionally, the Government submitted an affidavit from Mr. Linton in which he testified that he researched the prior convictions on the Alacourt database and that "[t]here was no basis for me to believe that the convictions alleged in the indictment, and later cited in the PSR, were not valid" and that "[Knight] never suggested to me that his prior convictions were invalid." (Doc. 5-1 at 1).

Upon review, Knight cannot demonstrate that Mr. Linton acted unreasonably by failing to

challenge the prior convictions. First, Knight has produced no evidence indicating that the prior convictions were invalid and, therefore, he cannot demonstrate any merit to such a challenge or any resulting prejudice from the alleged failure. Second, Knight failed to make any objections to references to the prior convictions in the PSR and at the sentencing hearing. When a defendant has been provided an opportunity to review his PSR and to be heard at the sentencing hearing, his failure to raise a challenge to the PSR at sentencing will preclude him from raising the challenge in a § 2255 motion. *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987). Because Knight has failed to meet either prong of the *Strickland* analysis for this claim, this court finds that no relief is due to be granted.

### d. *Failure to file a meritorious brief on direct appeal*

Knight also alleges that Mr. Linton rendered ineffective counsel by filing a meritless brief on direct appeal even though "there are numerous and meritorious issue(s) to be reviewed on appeal that are supported by the record, fact, and law." (Doc. 1 at 17). Without identification of the alleged errors, Knight states that Mr. Linton failed to "recognize[] the obvious error(s) in the record as defendant presents herein." (*Id*.) Upon review of the record, the court is unclear as to the "obvious errors," but from an abundance of caution considers these alleged errors to be the issues underlying claims one, two, and four of the instant petition: (1) the Government failed to necessarily establish that the cocaine base was smokeable; (2) the Government failed to establish that the firearm and ammunition were used in furtherance of a drug-trafficking offense as defined in 18 U.S.C. § 924; (3) the prior state-court convictions were invalid. For the foregoing reasons, these claims lack merit and fail to support Knight's contention that Mr. Linton failed to raise obvious errors on appeal.

First, Knight is mistaken that the Government had a burden to prove that the cocaine base

found at his apartment was smokeable in order to prove a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count I of the indictment). In support of his proposition, Knight cites only *United States v. Brisbane*, 367 F.3d 910 (D.C. 2004), in which the D.C. Circuit discussed whether the Government must prove that the cocaine base was smokeable to violate § 841(b)(1)(B)(iii). 367 F.3d at 914. However, in *Brisbane* the court ultimately concluded that it need not decide that issue under the facts of that case, and Knight presents no indication that the Eleventh Circuit has held that the Government must prove that cocaine is smokable to violate § 841(b)(1)(B)(iii). *Id.* at 915. Moreover, Mr. Linton, in his affidavit, states that had reviewed Knight's contention that the Government had a burden to prove that the cocaine base was smokeable and found that this proposition has not been recognized by the Eleventh Circuit. (Doc. 5-1 at 1).

The court also notes that Knight's arguments are misplaced because the Government produced evidence at trial indicating that the substance found at Knight's apartment was not only cocaine base, but also crack. As noted by the *Brisbane* court, "crack" is a "form of smokable cocaine." 367 F.3d at 911. The Government's forensic chemist testified during the trial that her analysis found "3.49 grams of cocaine base, otherwise known as crack cocaine" and "3.80 grams of cocaine base." (Doc. 53 at 107-08). When asked whether her analysis found a total of "7.29 grams of crack cocaine," she replied "that's correct." (*Id.* at 108:18-20). For all these reasons, the court sees no merit to Knight's contention that the Government failed to necessarily establish that the cocaine base was smokeable to sustain a conviction for Count I.

Second, the court sees no merit to Knight's contention that the Government failed to establish the necessary elements of "usage" and/or "in furtherance of" as defined by 18 U.S.C. § 924. In *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002), the Eleventh Circuit considered this issue for the first time and concluded that there must be "a showing of some

nexus between the firearm and the drug selling operation." 283 F.3d at 1253 (quoting *United States v. Finely*, 245 F.3d 199, 202 (2d Cir. 2001)). The *Timmons* court further noted:

> The nexus between the gun and the drug operation can be established by "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found."

*Id*. (quoting *United States v. Ceballos-Torres,* 218 F.3d 409, 414-15 (5th Cir. 2000)).

Under the facts of this case, the court finds sufficient circumstances for the jury to have concluded that Knight was guilty of possessing the firearm "in furtherance of" drug trafficking. The loaded firearm was found within a jacket that also contained cocaine, and the jacket was found nearby a duffle bag containing "crack baggies" and assorted ammunition. Knight's possession of the firearm was also illegal because he had prior felony convictions. Additionally, Mr. Linton testified that he had researched the issue of "use" and "in furtherance of" with regard to Knight's possession of the firearm and ammunition and concluded that pursuant to "then-current law as espoused in *U.S. v. Timmons*, 283 F.3d 1246 (11th Cir. 2002) and *U.S. v. Dixon*, No. 08-10600 (11th Cir. Oct. 22, 2008), [he] did not consider the issue meritorious." (*Id*. at 2). For these reasons, the court sees no merit to Knight's contentions that the Government failed to establish that the defendant violated 18 U.S.C. § 924(c).

Third, the court sees no merit to Knight's contention that the three state-court convictions were invalid. As discussed above, Knight has simply not presented any evidence indicating that the state-court convictions used to enhance his sentence were invalid. Thus, he has failed to demonstrate any basis to raise this issue on appeal.

In sum, the court concludes that Knight has not demonstrated that Mr. Linton acted unreasonably or inadequately in briefing Knight's appeal. Additionally, Knight fails to produce

any evidence that the outcome of the trial would have been different but for Mr. Linton's alleged failure to file a meritorious brief. Consequently, Knight has not demonstrated that he can meet either prong of the *Strickland* test. He is entitled to no relief on this claim.

**B.     Claims One, Two, and Four are Procedurally Barred**

The Government contends that Knight is procedurally barred from presenting claims one, two and four because Knight could have, but did not pursue these claims on direct appeal. (Doc. 5 at 12). To overcome this procedural bar, Knight must establish cause for the default *and* actual prejudice resulting from the default. *See Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994) (*per curiam*). In *Mills*, the Eleventh Circuit specifically held:

> [A]n available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development. When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.

36 F.3d at 1055 (citation and explanatory parentheticals omitted).

Significant here, ineffective assistance of counsel may constitute cause to excuse procedural default. *See Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001). And as to actual prejudice, Knight "shoulder[s] the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Importantly, in an "extraordinary" case, a federal court may consider a procedurally defaulted claim in the absence of a showing of cause for the procedural default where a fundamental miscarriage of justice has "'probably resulted in the conviction of one who is actually innocent.'" *Smith v. Murray*, 477 U.S. 527, 537 (1986)

14

(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To establish actual innocence, [Knight] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations marks and citation omitted).

Liberally viewing Knight's arguments, he appears to argue that Mr. Linton caused the omissions of claims one, two, and four on direct appeal by filing a "no-merit brief, that worked to the Government's benefit and interest to uphold the illegal convictions and sentences." (Doc. 1 at 17). Thus, Knight appears to argue that Mr. Linton's alleged ineffective assistance of counsel constitutes cause to excuse his procedural default of these claims. And as to prejudice, Knight argues that he was prejudiced by Mr. Linton's failure to raise the claims on direct appeal because with "timely and proper objections [his] sentence would not have exceeded 27 months imprisonment." (Doc. 7 at 6-7).

Despite Knight's arguments, the court agrees with the Government that claims one, two, and four are procedurally barred for failure to raise them on direct appeal. (Doc. 5 at 12). As discussed above, Knight cannot demonstrate that Mr. Linton rendered ineffective assistance of counsel for failure to raise these claims on direct appeal, and, therefore, he cannot establish cause to excuse his failure to raise these claims. Further, even if Knight could show cause for his default, he cannot demonstrate prejudice resulting from claims one, two, and four because, as discussed above, these claims lack merit. In sum, claim one, two, and four are procedurally defaulted for failure to raise the claim on direct appeal, and Knight has failed to establish the requisite cause for, and actual prejudice from, any alleged error or a miscarriage of justice. As such, these claims are due to be denied.

## IV. CONCLUSION

For the foregoing reasons, Knight's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (doc. 1) and his for rendition and entry of judgment (doc. 12) are due to be denied. An appropriate order will be entered.

Done this 6th day of July 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458